EDDY HSU, ESQ. (BAR # 245390)
LAW OFFICE OF EDDY HSU
111 NORTH MARKET ST.
SUITE 300
SAN JOSE, CALIFORNIA 95113
(408) 625-1138
(408) 625-1139 FAX

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In Re:<br><br>HERMINIO SERRANO LAAN,<br>　　　　　Debtor. | Case No. 10-55761 ASW<br><br>Adv. No: _____<br><br>Chapter 13 |
|---|---|
| HERMINIO SERRANO LAAN,<br>　　　　　Plaintiff<br>vs<br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, as successor-in-interest to WASHINGTON MUTUAL BANK, CHASE HOME FINANCIAL, LLC, *et al*<br>　　　　　Defendant | COMPLAINT |

**Complaint Seeking Damages in Core Adversary Proceeding**
**(Demands for Payment)**

**Introduction**

　　1.　　This is an action for actual and punitive damages filed by the debtor pursuant to Section 105, 362(a), and 502(b) of the Bankruptcy Code and fraud or misinformation because Defendants have intentionally misled the Court in their Proof of Claim.

**Jurisdiction and Venue**

　　2.　　Jurisdiction is conferred on this Court pursuant to the provision of 28 U.S.C. 1334 in that this proceeding arises from and is related to the above captioned case under Title 11.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

6. The Plaintiff in this case was and is a debtor under Chapter 13 of Title 11 of the United States Code in case number 10-55761. The Plaintiff is a resident of Santa Clara County, California.

7. The Defendant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, as successor-in-intrest to WASHINGTON MUTUAL BANK and/or CHASE HOME FINANCIAL, LLC, (hereinafter "Chase") are corporations organized and existing under the laws of the State of California and requests all communications go to attn: OH4-7133 3415 Vision Drive, Columbus, OH 43219.

**FACTS**

8. The Chapter 13 case of the Plaintiff was commenced by the filing of a voluntary petition with the Clerk of this Court on June 1, 2010.

9. The 341 hearing was held on August 10, 2010.

10. Defendant, at all times relevant to the allegations in this complaint, knew that Plaintiffs were represented by an attorney in connection with their bankruptcy filing because Defendant filed a Proof of Claim on July 8, 2010. (as claim number 2)

11. Plaintiff, through his attorney, filed an objection to proof of claim citing a failure to provide proof of security and incomplete accounting of the claims. (Docket number 25)

12. Defendant filed a response but did not set a hearing date as required by local rules.

**First Claim for Relief**
**(Lack of Standing under Rule 3001(d))**

13. The allegations in paragraphs 1 through 12 of this complaint are realleged and incorporated herein by this reference.

14. Defendant violates Rule 3001(d) because they fail to show a perfected security interest in the amount claimed.

15. Specifically, Defendant alleges that it has standing by holding the Promissory Note as "Endorsed in Blank" (<u>Opposition to Objection to Claim No. 2</u> filed by Travis J Lillie, docket item 31, page 2, line 6 to 11)

16. Defend then goes on to reference its Exhibit A as a copy of the original note. (docket item 31-1). Attached is a copy of the same referenced as Exhibit 1.

17. Examination of the Promissory Note shows the flaw in Defendant's claim and why standing under Rule 3001(d) is an issue.

18. The alleged "Endorsement in Blank" is not anywhere to be found on 5 pages of the promissory note. Possibly, it exists on an unnumbered page without any other identifying mark. There is no evidence that this page is actually part of the Original Note.

19. However, the actual verbiage on the unnumbered page states "WITHOUT RECOURSE IMPAC FUNDING CORPORATION D/B/A IMPAC LENDING GROUP A CALIFORNIA CORP. BY: RAQUEL DE AQUINO AUHTORIZED SIGNATORY". There are no instructions such as "PAYABLE TO" which would make this a Note Endorsed in Blank under U.C.C. 47-3110 or 47-3205. The evidence of Endorsement in Blank is insufficient because the instruction is "WITHOUT REOURSE."

20. Finally, the signature by a Raquel De Aquino is undated and there is no identifier as to who Ms. Aquino really is besides an "authorized signatory." There is no explanation as to who authorized Ms. Aquino, what her title is, or the circumstances that allowed her to sign.

21. In conclusion, Defendant bears the burden to prove security under Rule 3001(d). Defendant failed to so because they did not produce a valid note "Endorsed in Blank." As such, Defendant has no standing to file a claim on Plaintiff.

**Second Claim for Relief**
**(Violation of 11 USC 105, 11 USC 362, and 11 USC 502)**

22. The allegations in paragraphs 1 through 21 of this complaint are realleged and incorporated herein by this reference.

23. Although Plaintiff timely and properly objected to Defendant's claim by challenging the amount in arrears, Defendant failed to provide an accurate accounting of any alleged arrears or other fees in violation of 11 USC 105, 11 USC 362 and 11 USC 502.

24. Defendant furthered this violation when it shifted the burden unto Plaintiff.

25. Firstly, Plaintiff's role is not to police Defendant's accounting practices. The contractual agreement in the Promissory Note, Deed of Trust, and rules of Bankruptcy, RESPA, and TILA all require Defendant to act in good faith when recording and applying payments from Plaintiff and when charging any applicable fees.

26. Defendant alleged arrears of (10) payments from September 2009 to June 2010 at $5.034.57 per payment for a sum of $50,345.70. Enclosed as Exhibit 2 are (15) cashier checks made payable to "J.P. Morgan Chase" for loan #5304468738. The dates of the checks are from August 1, 2009 to July 13, 2010. **DEFENDANTS HAVE RECEIVED THE SUM OF $50,310.10 DURING THE ENTIRE ALLEGED ARREARS PERIOD**.

27. Since Defendants are a national bank whose specific business is financial services, they must have known that the payments were received (after all they took the money). Therefore their failure to disclose these payments was deliberate and intentional.

28. Defendant's Opposition to Objection to Claim No. 2 furthered this deliberate fraud by accusing Plaintiff of bad faith allegations and raising a Rule 9011 argument. (see

Opposition to Objection to Claim No. 2 filed by Travis J Lillie, docket item 31, page 7, line 16 to 17)

29. Since Defendant filed the Proof of Claim in Bad Faith intentionally to mislead the Court, Defendant has have their entire claim dismissed and further remedies as deemed proper by the Court, including reasonable attorney fees.

### Third Claim for Relief
### (Violation of 11 USC 105, 11 USC 362, and 11 USC 502)

30. The allegations in paragraphs 1 through 29 of this complaint are realleged and incorporated herein by this reference.

31. Although Plaintiff timely and properly objected to Defendant's claim by challenging the amount in arrears, Defendant failed to provide an accurate accounting of any alleged arrears or other fees in violation of 11 USC 105, 11 USC 362 and 11 USC 502.

32. Defendant alleged $23,261.55 in late charges, BPO fees, appraisal fees, escrow shortages, property inspections, and foreclosure fees and costs. Defendant did not produce any statements showing when these fees were incurred, any of the reports generated by the fees, and/or the need of these fees.

33. Instead, Defendant shifted the burden unto Plaintiff to prove that fees HE NEVER KNEW ABOUT were improper.

34. The first obvious problem is that Plaintiff is no position to prove Defendant's improper fees when Defendant holds all the documents and Plaintiff was never informed of these fees.

35. However, Plaintiff does have a statement from Defendant dated July 31, 2010 attached as Exhibit 3.

36. In Exhibit 3 page 1, the statement shows that the Escrow Balance is **NEGATIVE $17,904.41**. It also shows that to date, Plaintiff had paid $20,134.24 in interest and $1,507.00 for insurance. This page goes in **DIRECT CONTRADICTION** to Defendant's allegations that Plaintiff has not paid or that an escrow shortage exists.

37. In Exhibit 3 page 2, the statement shows that Defendant had $0.00 due at the date of the statement but was being illegally charging $251.68 in late fees. The statement shows Defendant illegally charging Plaintiff "ATTY ADV DISBURSEMENT" and "STATUTORY EXPENSE DISB" without any explanation of what these fees are for. This statement is further proof that Defendant is misleading the Court with its proof of claim because there is no way to prove that these fees are not the same ones that Defendant is alleging in their proof of claim.

38. In Exhibit 3 page 3, the statement demonstrates that Defendant is in fact receiving Plaintiff's payments and has the actual ability to record payments. Therefore, Defendant's fraudulent claims of non-payment and escrow shortages were intentional and deliberate.

38. Therefore, Defendant's proof of claim should be denied in its entirety as insufficient, misleading, and erroneous with further remedies as required by the Court, including reasonable attorney fees.

### Fourth Claim for Relief
### (Violation of 11 USC 105 and 11 USC 9011)

39. The allegations in paragraphs 1 through 38 of this complaint are realleged and incorporated herein by this reference.

31. Defendant violated 11 USC 9011(c)(1) by failing to giving the 21 day "safe harbor" requirement to allow Plaintiff to amend and bolster his statement.

32. In Defendant's <u>Opposition to Objection to Claim No. 2</u> page 7, line 4 to page 8, line 5, Defendant alleges a violation of Rule 9011, alleging negligence by Plaintiff's counsel.

33. First, Defendant never gave Plaintiff's counsel the MANDATORY 21 day safe harbor to amend any response to correct any alleged mistakes. That is a violation of Rule 9011(c)(1).

34. Next, it is clear from the above evidence and included exhibits, it was Defendant who has acted in bad faith. Specifically, Defendant's statement in Exhibit 3 is a document fully in its possession and control so they could have produced it with their Proof of Claim.

35. Finally, **DEFENDANT TOOK PLAINTIFF'S MONEY AND THEN DENIED THEY RECEIVED IT IN THEIR PAPERS**. That is straight fraud on the Court.

36. Therefore, under 11 USC 105, Plaintiffs believe Defendants proof of claim should be dismissed in its entirety, Defendant's <u>Opposition to Objection to Claim No. 2</u> should be stricken for violation of Rule 9011, and other remedies as the Court deems proper, including reasonable attorney fees.

**WHEREFORE,** the Plaintiff having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike the claim of JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC;

B. That JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC be precluded from filing any amended, modified or substitute claim in this case;

C. That the underlying debt be canceled and forever discharged whether or not the debtors receive their Discharge Order in this case;

D. Defendant's <u>Opposition to Objection to Claim No. 2</u> should be stricken for violation of Rule 9011;

E. That JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank as creditor of the account and/or Chase Home Finance, LLC be required to pay the sum of $4,750.00 in legal fees and expenses to Eddy Hsu, Esq., the attorney for the debtors related to this Complaint and Objection to Proof of Claim.;

F. That the debtor has such other and further relief as the Court may deem just and proper.

Dated: 8/19/2010            /s/Herminio Serrano Laan _____
                              HERMINIO SERRANO LAAN
                              Debtor


Dated: 8/19/2010            /s/Eddy Hsu_____
                              Eddy Hsu, Esq.
                              Attorney for Debtor

Page 6 of 6

Case: 10-05287    Doc# 1    Filed: 08/19/10    Entered: 08/19/10 09:06:03    Page 6 of 6